UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESA RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants | Case No. 20-cv-2262 |

**DEFENDANTS' RESPONSE TO
THIS COURT'S NOVEMBER 3, 2020 ORDER**

Defendants respectfully provide the following response to this Court's November 3, 2020 Order.

Defendants have been working to comply with this Court's Order, which requires a "sweep" of postal facilities within several specified districts, while recognizing the limitations caused by time and the Postal Service's pre-existing Postal Inspection processes. As of the time of this filing, that process remains ongoing.

As an initial note, pursuant to this Court's previous orders, "all clears" and successful certifications were conducted at all processing plants this morning by 10 a.m. local time, indicating that ballots were accounted for properly. Furthermore, as previously reported, U.S. Postal Inspectors have been present and observing operations and the security of election mail at all processing facilities that process ballots (i.e., those with processing operations for flats and letters) on a daily basis since October 29, 2020. The Inspection Service is conducting daily reviews of 220 facilities handling election mail, including discussing conditions with facility managers.

Inspectors are instructed to walk the facility and observe the conditions of mail and consider a specific list of items. These include reviewing Election and Political Mail logs for accuracy and completeness, reviewing staging areas for Election and Political Mail and areas outside the staging area for Election and Political Mail, scanning for delayed mail, ensuring Election Mail is processed expeditiously, and ensuring no ballots can be held for postage due.

Facility sweeps, however, of the type that occurred this morning are not undertaken by Inspectors personally, but are rather operational responsibilities, undertaken by multiple plant support personnel. There are only one or two Inspectors in any one facility, and thus they do not have the ability to personally scour the entire facility. Indeed, doing so would be impractical (given the size of that facility) and would take them away from their other pressing Election Mail-related responsibilities, as detailed above.

This daily review process, however, occurs at different times every day, which Defendants' Counsel did not learn until recently, and after this morning's hearing, when these issues were raised for the first time by Plaintiffs' counsel. Specifically, on Election Night, it is scheduled to occur from 4pm to 8pm, a time period developed by Postal Service Management and the Postal Inspection Service in order to ensure that Inspectors are on site to ensure compliance at the critical period before the polls close. Given the time constraints set by this Court's order, and the fact that Postal Inspectors operate on a nationwide basis, Defendants were unable to accelerate the daily review process to run from 12:30pm to 3:00pm without significantly disrupting preexisting activities on the day of the Election, something which Defendants did not understand the Court to invite or require.

Moreover, Inspectors do not themselves resolve identified deficiencies, but rather discuss those deficiencies they do identify with facility managers for those managers to resolve as

expeditiously as possible. The Inspectors can thus only certify that any deficiencies—which could include Election Mail in staging and non-staging areas—have been identified and referred.

As mentioned above, that process is now ongoing, and has been since 4pm local time. Defendants are thus able to certify the following at this time:

> The Postal Inspection Service is or shortly will be conducting observations of 220 facilities for potential incidents involving Election Mail, to include reviewing staging and non-staging areas for ballots. These include processing facilities in the Central Pennsylvania, Philadelphia, Detroit, Colorado/Wyoming, Atlanta, Houston, Alabama, Northern New England, Greater South Carolina, South Florida, Lakeland, and Arizona Districts. Any identified deficiencies will be reported to facility management for resolution.

Inspectors will be in the identified Postal facilities throughout the evening. Defendants are working as expeditiously as possible to comply with this Court's orders while recognizing physical and operational limitations and the need to avoid disrupting key activities on Election Day.

Separately, Defendants also identify the 27 facilities at which OIG personnel are on site:

| Facility Name | Area | District |
|---|---|---|
| PHOENIX AZ P&DC | WESTERN | ARIZONA |
| JACKSONVILLE FL P&DC | SOUTHERN | GULF ATLANTIC |
| MIAMI FL P&DC | SOUTHERN | SOUTH FLORIDA |
| ORLANDO FL P&DC | SOUTHERN | SUNCOAST |
| TAMPA FL P&DC | SOUTHERN | SUNCOAST |
| WEST PALM BEACH FL P&DC | SOUTHERN | SOUTH FLORIDA |
| ATLANTA GA P&DC | CAPITAL METRO | ATLANTA |
| AUGUSTA GA P&DC | SOUTHERN | GULF ATLANTIC |
| NORTH METRO GA P&DC | CAPITAL METRO | ATLANTA |
| DES MOINES IA P&DC | WESTERN | HAWKEYE |
| DETROIT MI P&DC | GREAT LAKES | DETROIT |
| GRAND RAPIDS MI P&DC | GREAT LAKES | GREATER MICHIGAN |
| MICHIGAN METROPLEX MI P&DC | GREAT LAKES | DETROIT |
| DULUTH MN P&DC | WESTERN | NORTHLAND |
| MINNEAPOLIS MN P&DC | WESTERN | NORTHLAND |
| SAINT PAUL MN P&DC | WESTERN | NORTHLAND |
| CHARLOTTE NC P&DC | CAPITAL METRO | MID-CAROLINAS |
| GREENSBORO NC P&DC | CAPITAL METRO | GREENSBORO |

| | | |
|---|---|---|
| RALEIGH NC P&DC | CAPITAL METRO | GREENSBORO |
| CLEVELAND OH P&DC | EASTERN | NORTHERN OHIO |
| COLUMBUS OH P&DC | EASTERN | OHIO VALLEY |
| HARRISBURG PA P&DC | EASTERN | CENTRAL PENNSYLVANIA |
| PHILADELPHIA PA P&DC | EASTERN | PHILADELPHIA METROPOLITAN |
| PITTSBURGH PA P&DC | EASTERN | WESTERN PENNSYLVANIA |
| GREEN BAY WI P&DC | GREAT LAKES | LAKELAND |
| MADISON WI P&DC | GREAT LAKES | LAKELAND |
| MILWAUKEE WI P&DC | GREAT LAKES | LAKELAND |

Dated:  November 3, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director
Federal Programs Branch

*/s/* John Robinson
JOSEPH BORSON
KUNTAL V. CHOLERA
ALEXIS ECHOLS
DENA ROTH
JOHN J. ROBINSON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 616-8489
E-mail: john.j.robinson@usdoj.gov

*Attorneys for Defendants*