| | |
|---|---|
| **From:** | Cholera, Kuntal (CIV) |
| **Sent:** | Friday, November 13, 2020 11:27 AM |
| **To:** | David Berg |
| **Cc:** | Borson, Joseph (CIV); 'kapberg@gmail.com'; Emily Burgess; Bronwyn James |
| **Subject:** | RE: Documents |

| **Tracking:** | **Recipient** | **Delivery** | **Read** |
|---|---|---|---|
| | David Berg | | |
| | Borson, Joseph (CIV) | Delivered: 11/13/2020 11:27 AM | Read: 11/13/2020 11:42 AM |
| | 'kapberg@gmail.com' | | |
| | Emily Burgess | | |
| | Bronwyn James | | |

Thanks, David.  Happy to chat via phone tomorrow, but I disagree with your comment that the issue of whether Plaintiffs' claims are moot, and whether the Court still has jurisdiction over your lawsuit, is not a "legitimate concern."  It's a fundamental question that underlies Plaintiffs' right to proceed with their lawsuit, and take any form of discovery.  And based on your e-mail, it is clear that Plaintiffs no longer have an alleged injury that the Court could redress, and so this case is moot.  Your Complaint challenged certain, specific alleged USPS policy changes, and was based on a specific alleged injury:  that these alleged USPS policies could prevent your clients from receiving, and returning, their mail-in ballots.  It appears you are admitting now that they did receive their ballots, and they did vote, and so there is no longer a live controversy in this case.  This case is not about the choices that any particular candidate makes with respect to the November 2020 election, nor is it about what the State of Wisconsin does with ballots from any particular county.  Neither issue has anything to do with USPS or Plaintiffs' claims and alleged injuries, and Plaintiffs are not seeking any relief in this case that would affect either issue.

As to your discovery requests, we do not recall the Court ordering this discovery.  In fact, when we review the transcript, we don't see the Judge interjecting during the relevant discussion.  After you had asked Ms. Seaver if these e-mails could be pulled, you simply noted, "I'll speak to Mr. Borson about being more specific," and Joey noted that we could "discuss." Regardless, your email acknowledges that the documents you seek are even broader than what was discussed at the hearing, so there is no possible way the Court possibly could have authorized such discovery.  And in any event, any comments by the Court during this hearing have occurred before your claims became moot.

Again, happy to chat over the phone, but we think the parties should raise this jurisdictional issue with the Court before proceeding with any further discussions concerning document productions.

Best,
Kuntal

---

**From:** David Berg <dberg@bafirm.com>
**Sent:** Thursday, November 12, 2020 9:53 PM
**To:** Cholera, Kuntal (CIV) <kcholera@CIV.USDOJ.GOV>
**Cc:** Borson, Joseph (CIV) <jborson@CIV.USDOJ.GOV>; 'kapberg@gmail.com' <kapberg@gmail.com>; Emily Burgess <eburgess@bafirm.com>; Bronwyn James <BJames@bafirm.com>
**Subject:** RE: Documents

Dear Kuntal,

    We are not making a "discovery request" for documents. We are asking you to produce Ms. Seaver's emails, which she testified on October 30 that she was "sure" that "somebody could help [her]" obtain without difficulty, and which Judge Sullivan "agree[d] . . . should be produced" at the hearing on the morning of October 31.

    Following the hearing on 10/31, I wrote to Joey requesting the following documents:

> As a follow-up to my request of Ms. Seaver, please provide any and all documents including emails, letters and personal notes, created by, sent to, received by or copied to Postmaster General Louis DeJoy, or anyone acting on his behalf or at his direction, regarding the Preliminary Injunctions issued in *Richardson et al. v. Trump et al.* (case no. 20-cv-2262, ECF No. 64) and/or any of the three other parallel cases pending in Judge Sullivan's court, including but not limited to implementation or criticism of the Preliminary Injunctions.

    You can imagine our surprise when, after asking us to allow you to hold off responding to our request until after the election, you now suggest that you need not respond because there is no post-election live controversy. In your November 10 email, you suggest that if our clients received and mailed in their ballots, our case is moot. That is incorrect. Given that President Trump has refused to concede the election, is contesting the legitimacy of mail-in ballots, and continues to file suits contesting the validity of the general election, this case is not moot. In fact, our clients did vote in the presidential election. One bears special mention: Trump supporters in Wisconsin have filed suit seeking to prohibit certification of the results of the presidential election in certain counties, including Dane County, which is where Plaintiff Aida Zygas voted. We can only hope that the suit is unsuccessful and that her vote actually counts, but that determination awaits the outcome of the lawsuit.

    Most important, nothing has relieved Defendants of their obligation to comply with the Court's injunctions in this and related cases and the Court's prior orders and in this case, the order from the bench regarding Ms. Seaver's emails.

    Please let us know if you persist in your argument that you need not produce Ms. Seaver's emails or, instead, will produce the documents requested. I am happy to discuss any legitimate concern you have about the request in my email of 10/31. Mootness, however, is not one of them.

Best,

David

**From:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>
**Sent:** Tuesday, November 10, 2020 2:16 PM
**To:** David Berg <dberg@bafirm.com>
**Cc:** Borson, Joseph (CIV) <Joseph.Borson@usdoj.gov>
**Subject:** RE: Documents

Hi David,

We want to assure ourselves that the *Richardson* Plaintiffs still have a live controversy before addressing any discovery requests. I sent you an e-mail yesterday asking whether your clients had requested, received, and returned mail-in ballots for the November 3, 2020 election. The election is now over, and if your clients did indeed receive their ballots, it appears that this case would be moot. We would, at a minimum, like to address this issue before the Court in our forthcoming status request in evaluating what discovery is warranted.

In any event, to the extent discovery were still necessary in your case, we believe that discovery for all three lawsuits—*Richardson*, *VF*, and *NAACP*—should proceed in a consolidated manner, rather than on three separate tracks. Indeed, that was the approach that we understood the Court to have adopted in the last hearing. Happy to discuss.

Best,
Kuntal


**From:** David Berg <dberg@bafirm.com>
**Sent:** Tuesday, November 10, 2020 12:49 PM
**To:** Borson, Joseph (CIV) <jborson@CIV.USDOJ.GOV>
**Cc:** Cholera, Kuntal (CIV) <kcholera@CIV.USDOJ.GOV>
**Subject:** RE: Documents

Joey,

We do not want to file a motion for production. Can you give me an idea when we will receive Ms. Seaver's emails?

David


**From:** David Berg
**Sent:** Sunday, November 01, 2020 2:31 PM
**To:** Borson, Joseph (CIV) <Joseph.Borson@usdoj.gov>
**Subject:** Re: Documents

Thanks, Joey. I missed the email.

Sent from my iPhone

> On Nov 1, 2020, at 2:29 PM, Borson, Joseph (CIV) <Joseph.Borson@usdoj.gov> wrote:
>
> Hi David,
>
> I responded back yesterday, although I know there was any number of emails – given the focus on November 3, I don't think we will be able to get back to you substantively until after the Election.

Joey

**From:** David Berg <dberg@bafirm.com>
**Sent:** Sunday, November 01, 2020 2:26 PM
**To:** Borson, Joseph (CIV) <jborson@CIV.USDOJ.GOV>
**Subject:** Documents

Joey,

I know you are busy, but please respond about the emails.

David

Sent from my iPhone