# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESA RICHARDSON *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*,<br><br>            Defendants. | Civil Case No. 1:20-cv-02262 (EGS) |

**PLAINTIFFS' SUPPLEMENT TO JOINT PROPOSAL OF FURTHER PROCEEDINGS**

In light of Defendants' Motion To Dismiss Plaintiffs' Complaint As Moot Or, In the Alternative, To Dissolve The Preliminary Injunction (the "Motion to Dismiss," ECF No. 140), Plaintiffs Teresa Richardson, Christopher Carroll, Gina Arfi and Aida Zygas (collectively, "Plaintiffs") submit the following supplement to Plaintiffs' portion of the parties' Joint Proposal of Further Proceedings (the "Joint Proposal," ECF No. 131).

As explained in Plaintiffs' Memorandum in Opposition to the Motion to Dismiss ("Plaintiffs' Memorandum," ECF No. 144), Defendants Donald J. Trump, Louis DeJoy ("DeJoy") and United States Postal Service ("USPS" and, collectively, "Defendants") have now not only blatantly disregarded the Preliminary Injunctions issued by the Court in this case (ECF No. 64) and related cases,[1] Defendants seek to avoid facing any consequences for that disregard by having Plaintiffs' claims dismissed as moot and the Preliminary Injunction dissolved. (*See*

---

[1] (*See* Order, *NAACP v. USPS*, No. 20-cv-02295 (EGS) (D.D.C. Oct. 10, 2020), ECF No. 31; Order, *Vote Forward v. DeJoy*, No. 20-cv-02405 (EGS) (D.D.C. Sept. 28, 2020), ECF No. 31; and Order, *State of New York v. Trump*, No. 20-cv-02340 (EGS) (D.D.C. Sept. 27, 2020), ECF No. 51)

Plaintiffs' Memorandum at 1-2)  For the reasons stated in Plaintiffs' Memorandum, Plaintiffs' claims are not moot and dissolution of the Preliminary Injunction is unjustified.  (*See id.* at 11-17)  Defendants have still failed to comply with the Preliminary Injunctions, as evidenced by the fact that the numbers of late and extra trips remain well below what they were prior to DeJoy's tenure.  As explained in the Plaintiffs' Memorandum, in the seven days prior to June 15, 2020 (the day DeJoy began serving as Postmaster General), USPS averaged 2,300 extra trips per day and 4,273 late trips per day.  (*Id.* at 5)  In the most recent seven-day period for which data is available (November 19 to 25), USPS averaged 1,295 extra trips per day (Chart of Extra Trips, dated Nov. 27, 2020, ECF No. 145-1, at 2) and 3,297 late trips per day (Chart of Late Trips, dated Nov. 27, 2020, ECF No. 145-1, at 4).  Thus, it is clear that Defendants have failed to meaningfully reverse USPS's Late/Extra Trips Policy, as required by the Preliminary Injunctions.

As discussed in Plaintiffs' portions of the Joint Proposal and further discussed in Plaintiffs' Memorandum, this Court has agreed that DeJoy should be required to provide a deposition or in-person testimony and that the emails of USPS's Chief Retail & Delivery Officer and Executive Vice President Kristen Seaver ("Seaver") should be produced.  (*See* Joint Proposal at 6-8, 10; Plaintiffs' Memorandum at 3-5)  Accordingly, Plaintiffs request that this Court grant Plaintiffs leave to serve their second set of document requests for Seaver's emails and related documents (the "Second Requests") and notice of the deposition of DeJoy (the "Deposition Notice"), submitted as Exhibits A and B hereto, on Defendants immediately.

All five of the factors that courts in this Circuit consider in deciding whether to grant expedited discovery favor granting this request.[2]  First, this Court has issued the Preliminary

---

[2] The five factors that courts in this Circuit generally consider include:

2

Injunctions, recognizing the urgent need for immediate changes to USPS's Late/Extra Trips Policy – which, as explained above, USPS has inexplicably failed to make.  Second, the Second Requests are "reasonably tailored to the issues presented by" Defendants' discussions of whether and how USPS would – or, more accurately, would not – comply with this Court's Preliminary Injunctions.  *Afghan & Iraqi Allies*, 2019 WL 9598404, at *2.  Third, such discovery is vitally important, not only because it will enable this Court to ascertain how and why Defendants failed to comply with this Court's Preliminary Injunctions in the past, but also to craft a permanent injunction that will best ensure that Defendants make meaningful changes necessary to protect the fundamental right of Plaintiffs and millions of other Americans to vote in the future.  Moreover, given that the documents requested will undoubtedly paint Defendants in an unfavorable light, and that Defendants have already filed their Motion seeking to avoid consequences for their noncompliance with the Preliminary Injunctions, there is a non-trivial "likelihood that Defendants may destroy or hide evidence" of that noncompliance absent expedited discovery.  *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, 2020 WL 4196273, at *12 (N.D. Cal. July 20, 2020).  Fourth, the burden on Defendants in responding to the Second Requests is low.  As noted in the Joint Proposal, when asked if she could produce the relevant emails, Seaver stated, "somebody could help me do that I'm sure."  (Joint Proposal at 7 (quoting Transcript of Oct. 30, 2020 Hearing, ECF No. 131-2, at 78:11-12))  Moreover, there are only a

---

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Pompeo*, 2019 WL 9598404, at *2 (D.D.C. Jan. 30, 2019).

"few discovery requests," all of which are narrow in scope and cover a time period of only two months (from the issuance of the first of the Preliminary Injunctions to the present). *Attkisson v. Holder*, 113 F. Supp. 3d 156, 165 (D.D.C. July 3, 2015). Fifth, although this discovery is sought in advance of the typical discovery process, expedited discovery is appropriate because it will "provid[e] a measure of clarity to the parties" and to the Court in this proceeding about Defendants' past failures to comply with the Preliminary Injunctions and "facilitate effective case management" in the future by enabling the Court to ascertain how best to ensure Defendants' noncompliance does not continue. *NobelBiz, Inc. v. Wesson*, 2014 WL 1588715, at *2 (S.D. Cal. Apr. 18, 2014).

Because all of the relevant factors favor expedited discovery, Plaintiffs respectfully request leave to serve the Second Requests and Deposition Notice on Defendants immediately, with Defendants' written responses and production of documents to be served on Plaintiffs no later than December 4, 2020, and the deposition of DeJoy to be held as soon as possible thereafter.

Dated: Washington, D.C.
November 27, 2020

                              Respectfully submitted,

                              BERG & ANDROPHY

                              /s/ *David H. Berg*
                              David H. Berg
                              (*Admitted pro hac vice*)
                              Joel M. Androphy
                              D.D.C. Bar No. 999769
                              James W. Quinn
                              (*Admitted pro hac vice*)
                              120 West 45th Street, 38th Floor
                              New York, NY 10036
                              Tel: (646) 766-0073

                              OF COUNSEL
                              Kathryn Page Berg
                              120 West 45th Street, 38th Floor
                              New York, NY 10036
                              (*Admitted pro hac vice*)
                              Tel: (646) 766-00073

                              *Attorneys for Plaintiffs*